852 So.2d 987 (2003)
STATE of Louisiana
v.
David LEE.
No. 2003-K-0032.
Supreme Court of Louisiana.
June 27, 2003.
PER CURIAM.
Granted. Because of the poor state of the record, a reviewing court cannot determine whether and when the defendant attempted to withdraw his motion for the appointment of a sanity commission, whether and when the district court granted the motion and appointed specific physicians to the sanity commission, whether and when the commission doctors reported to the court on the defendant's competency to stand trial, and whether and when the district court conducted hearing on the reports and determined that the defendant was competent to proceed.
The judgment of the court of appeal in State v. Lee, 02-0955 (La.App. 4th Cir.12/4/02), 834 So.2d 536, reversing the defendant's convictions and sentences, is therefore vacated, and this case is remanded to the district court for purposes of conducting an evidentiary hearing and reconstructing the proceedings as they related to the question of defendant's competency to stand trial. The court shall determine whether the trial judge granted the defendant's motion for appointment of a sanity commission, before the defendant attempted to withdraw the motion, thereby finding reasonable grounds to doubt the defendant's competency to proceed and staying all further proceedings by operation of La.C.Cr.P. art. 642 until that determination was made. In the event that the trial judge did grant the motion before defendant attempted to withdraw it, the court shall further determine whether the trial judge then appointed (or failed to appoint) the commission doctors or conducted (or failed to conduct) a hearing on the commission's reports and determined (or failed to determine) the defendant's competency to proceed before he went to trial. On the basis of its factual findings, the court is then to rule on the question of whether the defendant is entitled to set aside his convictions and sentences under this Court's decisions in State v. Seals, 00-2738 (La.10/25/02), 831 So.2d 828, and State v. Nomey, 613 So.2d 157 (La.1993). Either side may appeal from an adverse ruling by the trial court.